## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

-------------------------------------------------------

KIMBERLY TERRY

               Plaintiff,

     v.                                   Civil Action No.

DELANOR, KEMPER & ASSOCIATES, LLC,
FRANK D. WATSON AND WILTON K. CAVER

               Defendants.

-------------------------------------------------------

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

### PARTIES

4.     Plaintiff, Kimberly Terry ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Bradley, and City of Cleveland.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Delanor, Kemper & Associates, LLC ("DK&A") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant, Frank D. Watson ("Watson") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      Defendant, Wilton K. Caver ("Caver") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.      "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese*

*v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11.     Delanor, Kemper & Associates, LLC, Frank D. Watson and Wilton K. Caver ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     Defendants failed to provide Plaintiff with the notices required by 15

USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, (§ 1692g(a)).

16.     Defendants overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period.

17.     Plaintiff has never received anything in writing from the Defendants, nor did Defendants inform her verbally of her right to dispute the debt.

18.     Nonetheless, during its very first conversation with the Plaintiff, Defendants demanded immediate payment of the debt.  (§ 1692g(b)).

19.     Defendants used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including withdrawing money from Plaintiff's bank account without authorization.

20.     Plaintiff initially authorized Defendants to take one payment of $75 from her bank account on June 15th.

21.     On or about June 18th, Defendants instead withdrew $150 from Plaintiff's bank account without her authorization to do so.

22.     Plaintiff subsequently spoke to Defendants, and informed them that she might be able to make an additional $75 payment the following month but that Defendants should contact her and confirm the availability of the funds before making a withdrawal.

23.     Defendant did not contact Plaintiff the following month but instead simply withdrew the funds once against without Plaintiff's authorization.  (§ 1692f)).

24.     Defendants used false, deceptive, or misleading representations or means in connection with collection of a debt, including misrepresenting to Plaintiff that Defendants were unable to utilize her checking account/routing number to take an automatic payment because she had changed her checking account number since incurring the debt, which was untrue (§ 1692e)).

25.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## DEFENDANT DK&A

26.     Plaintiff repeats and re-alleges each and every allegation contained above.

27.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated the FDCPA;

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT WATSON

28.   Plaintiff repeats and re-alleges each and every allegation contained above.

29.   Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)   Adjudging that Defendant violated the FDCPA;

h)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT CAVER

30.   Plaintiff repeats and re-alleges each and every allegation contained above.

31.    Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m)  Adjudging that Defendant violated the FDCPA;

n)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

q)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32.        Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 9, 2010

Respectfully submitted,

Kimberly Terry

By: /s/Craig Ehrlich
Craig Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
5722 S. Flamingo Road, #656
Cooper City, FL 33330
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

Craig Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012